

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Compton White
County Auditor
Freestone County
Fairfield, Texas

Dear Sir:

Opinion No. O-7366
Re: Whether or not all the taxes on said
property can be remitted, since it is
municipally owned and non-revenue
bearing.

You have submitted a request to this department upon the captioned question, which arose by virtue of the facts as set forth in your letter of request as follows:

"In about 1924 the city of Wortham acquired lots 6 and ½ of 7, in Block 51, city of Wortham, Texas, for the purpose of erecting a city hall. This was during the oil boom in Wortham and the county and city had so many prisoners for various violations of the law, that the County Commissioner, at that time, had agreed that the county would match funds with the city to build a city hall and jail to take care of the rush. But the county never put up the funds for this purpose, so the city of Wortham bought another building for their city hall and never used the above lots to build on. Since 1924 it seems that the property has been neglected as to being put on any tax roll as exempt or any other way. It has been carried as 'unknown property' on the State and County tax roll and taxes assessed against it. The Wortham Independent School District has no tax charge against it."

The following statutory and constitutional provisions are involved:

Constitution, Art. 8, Sec. 1:
"All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law."

Constitution, Art. 11, Sec. 9:
"The property of counties, cities and towns, owned and held only for public purposes, . . . and all other property devoted exclusively to the use and benefit of the public shall be exempt from . . . taxation, . . ."

Constitution, Art. 8, Sec. 2:
". . . the legislature may, by general laws, exempt from taxation public property used for public purposes; . . ."

Art. 7150, R. C. S.:
"The following property shall be exempt from taxation, towit: . . .

"All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof."

The court in the case of City of Abilene v. State, 113 S. W. (2d) 631 (writ of error dismissed) after discussing the proper construction to be given the above constitutional and statutory provisions in order to have harmony among them, ruled as follows:

"These considerations lead us to the conclusion that as to the power of the Legislature, to exempt public property from taxation, all such property should be regarded as 'used for public purposes' when it is owned and held for public purposes, but not owned or held exclusively for such purposes; and there has been no abandonment of such purposes."

The property under consideration in this opinion was purchased for a public purpose. The query thus arises whether or not there has been an abandonment of such purposes.

In answer to our letter in which we requested you to inform us as to the manner in which this property has been used since 1924, you advised us as follows:

". . . the only use they have been put to since then (1924) is for general public use, parking and storing county road equipment on."

Hon. Compton White, page 3


We are of the opinion there has been no abandonment of using this property for public purposes. The fact that it is being used for a different public purpose than originally intended is in our opinion immaterial. We therefore answer your question in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Robert O. Koch
Assistant

ROK:AMM

